**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**LAWRENCE E. SIMPKINS,**

    Petitioner,

v.                                              Case No. 3:21cv926-MCR/MAF

**FLORIDA DEPARTMENT OF
CORRECTIONS,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO TRANSFER HABEAS CORPUS PETITION

On or about July 20, 2021, Petitioner Lawrence E. Simpkins, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. He has also submitted a Motion to Proceed In Forma Pauperis, ECF No. 3, and a Prisoner Consent Form and Financial Affidavit, ECF No. 4.

A review of the case reflects that Petitioner Simpkins challenges his current confinement pursuant to a state court conviction in case number 97-2126 from the Seventh Judicial Circuit Court, Volusia County, Florida, which is located in the Middle District of Florida. *See* ECF No. 1 at 1; 28 U.S.C. § 89(b); www.dc.state.fl.us/offenderSearch. As relief, he seeks immediate release from prison. *See* ECF No. 1 at 27.

Jurisdiction is appropriate in the district of confinement and the district of conviction.  28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district of conviction or in district of incarceration). Petitioner Simpkins is currently incarcerated at the Blackwater River Correctional Facility in Milton, Florida, which is in the Northern District of Florida.  ECF No. 1; *see* 28 U.S.C. § 89(a).   In this case, however, because the district of conviction appears to be the most convenient and appropriate venue, this petition should be transferred to the United States District Court for the Middle District of Florida, Orlando Division.   *Id*.; M.D. Fla. R. 1.02(b)(3).   See <u>Byrd v. Martin</u>, 754 F.2d 963, 965 (11th Cir. 1985); <u>Parker v. Singletary</u>, 974 F.2d 1562, 1582 (11th Cir. 1992).

The Court notes that, from the information provided, the petition may be untimely or successive.   *See* ECF No. 1.   Nevertheless, it is respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Orlando Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 10, 2021.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.